Oontracts; exhaustion of administrative remedies; findings of contracting officer, delay in making. — On September 20, 1974 the court issued the following order:
Before CoweN, Ohief Judge, Kashiwa and BeNNEtt, Judges.
“This case comes before the court on defendant’s motion for summary judgment, which seeks a dismissal of plaintiff’s petition on the ground that plaintiff has failed to exhaust its administrative remedies. The motion is opposed by plaintiff *834 on the ground that by reason of the contracting officer’s delay in making his findings of fact and decision, the contractual remedy is inadequate or unavailable. Upon consideration of the motion and plaintiff’s opposition, the court finds that plaintiff filed a claim for an equitable adjustment on April 27, 1971, that the parties began negotiations to settle the claim in September 1973; that on November 5, 1973, the contracting officer sent plaintiff a draft of the findings of fact which he proposed to incorporate in his decision, and that on December 18, 1973, plaintiff wrote the defendant that it believed that its ‘claim is meritorious and can and should be promptly settled through negotiations.’ The court further finds that on March 8, 1974, plaintiff filed its suit in this court; that on June 13,1974, defendant notified plaintiff that all of the contracting officer’s files pertaining to plaintiff’s contract had been transferred to the U.S. Postal Service, and that no findings of fact or decision have yet been rendered by the new contracting officer.
“On the basis of the foregoing, the court concludes that the issue before us is governed by our decision in Clement Brothers Co. v. United States, 190 Ct. Cl. 50, 418 F. 2d 1356 (1969), in which the court stated:
‘[B]efore a court trial or court adjudication can be ordered in the first instance on a claim “under the contract”, there must be, at the least, some clear expression, prior to the administrative decision, that the contractor has washed his hands, because of the delay, of the administrative process. Otherwise, the contractor would have too free an option to await the determination before claiming that the pre-decision delay was unduly long.’ [190 Ct. Cl. at 53, 418 F. 2d at 1358.]
“it is therefore ordered that defendant’s motion for summary judgment is denied and that proceedings in this court are stayed for a period of 60 days in order to enable the successor contracting officer to make his written findings of fact and his decision as required by the provisions of the contract.
“it is further ordered that the case is remanded to the contracting officer of the U.S. Postal Service with directions to make his findings of fact and decision and to serve a written *835 copy thereof on plaintiff within 60 days from the date of this order.”
Plaintiff’s motion for relief from the foregoing order, on November 1, 1974 was denied without prejudice pending the exhaustion of plaintiff’s administrative remedies.